**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BEV ORR** | **CIVIL ACTION** |
| **VERSUS** | **07-3643** |
| **JP MORGAN BANK** | **SECTION "T" (2)** |

**ORDER AND REASONS**

     Before the Court is a Motion to Dismiss filed by Defendant (Rec. Doc. 11) and a Motion for Preliminary Injunction filed by Plaintiff. (Rec. Doc. 4). The Motion to Dismiss was opposed by Plaintiff (Rec. Doc. 14) and came for hearing without oral argument on October 17, 2007, and was submitted on the briefs. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and is ready to rule.

**I.    BACKGROUND**

     Bev Orr (hereinafter, "Plaintiff") filed this action on July 9, 2007, against JP Morgan Chase Bank (hereinafter, "Chase") alleging that Chase "arbitrarily and without any actual legal authority, imposed [upon Plaintiff] a wage garnishee arrangement." Rec. Doc. 1 at p. 1. Specifically, Plaintiff asserts that Chase seized two weeks of her wages and her expense money. Rec. Doc. 1 at p. 1. Plaintiff alleges that her authorization allowing her payroll checks to be direct deposited does not give Chase the right to garnish her wages without following proper procedures and without due process of law. Rec. Doc. 1 at p. 1. As relief, Plaintiff seeks: (1) an injunction requiring Chase to return her money to her immediately ($500.00); (2) payment of $15.00 a day as an "overdraft fee" for each day the wages are withheld; (5) a $5,000 lump sum for pain, suffering, annoyance and Plaintiff's time; (6) costs; and (7) that her checking account be reopened. Rec. Doc. 1 at p. 4.

     Chase filed the instant Motion to Dismiss pursuant to FRCP 12(b)(6) explaining that Plaintiff

wrote checks that resulted in an overdraft situation on her account.  Chase argues that under Federal law, it is entitled to and can charge an overdraft fee and/or NSF fee to a customer's account.  Because the fees charged against Plaintiff's account are expressly allowed, Chase argues Plaintiff cannot state a claim.  Rec. Doc. 11 at pp. 4-5.  Additionally, Chase argues that the allegations in the Complaint do not state a cause of action for garnishment of wages under Louisiana law.  *Id.*

Plaintiff's Opposition provides that Chase did not have permission from her or her employer to "intercept, divert and steal" the wages in her account once they were placed there by her employer. Rec. Doc. 14 at p. 2.  According to Plaintiff, Chase is only a receptacle for her money and it cannot be removed, ever, without her approval or that of her employer.  Finally, she contends that the bank  "ciphoned" (sic) her wages to satisfy financial debts to itself in "circumvention and substitution of the required legal process which must precede the garnishment of wages." Rec. Doc. 14 at p. 4.

## II.   LAW AND ANALYSIS

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted."  *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  The Fifth Circuit has pointed out the proper inquiry on a Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery*, 117 F.3d at 247, *citing* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601

(1969).

Under the Truth-In-Savings Law, a bank "shall maintain a schedule of fees, charges, interest rates, and terms and conditions applicable to each class of accounts offered by the depository institution, in accordance with the requirements of this section and regulations which the Board shall prescribe." 12 U.S.C.A. § 4303.  The allegations do not assert that Chase failed to maintain the overdraft fee taken from Plaintiff's account in accordance with the aforementioned section or with the applicable federal regulations.

Additionally, 12 C.F.R. § 7.4002, provides that "[a] national bank may charge its customers non-interest charges and fees, including deposit account service charges.  The amount of the fee and charges as well as the method of calculating them are business decisions to be made by each bank, in its discretion, based upon sound banking principles. 12 C.F.R. § 7.4002(b)(1) -(2).  Plaintiff's Complaint alleges that the bank had no authority to take the money direct deposited by her employer for any reason and by doing so because her account was overdrawn, Chase improperly garnished her wages.  Rec. Doc. 1.  Clearly, federal law allows Chase to make charges and fees against its customers.  Plaintiff has made been no challenge to the amount of the fee or that the contract she entered into with the back grants Chase the right to charge her overdraft protection   The only challenge herein is to the taking of the fee out of her account without her permission.  Under federal law, Chase had the authority to so act when Plaintiff failed to keep her account current.  Since there is not any factual circumstance envisioned under which Plaintiff could recover based upon the allegations in her Complaint, Chase's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

For the foregoing reasons,

**IT IS ORDERED** that JP Morgan Chase Bank's Motion to Dismiss (Rec. Doc. 11) is **GRANTED** and the claims against JP Morgan Chase Bank are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED AS MOOT.**

New Orleans, Louisiana this 6th day of March, 2008.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**